UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARC IRWIN SHARFMAN, M.D., P.A.,

    Plaintiff,

v.                                                                     Case No.: 6:21-cv-525-WWB-DCI

INFUCARE RX LLC,

    Defendant.
                                           /

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Class Certification (Doc. 50). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("**R&R**," Doc. 81), in which he recommends that the Motion be denied. Plaintiff filed an Objection (Doc. 88), to which Defendant filed a Response (Doc. 94) and Plaintiff a Reply (Doc. 101).

**I.   BACKGROUND**

No party has objected to the relevant background as fully set forth in the R&R and therefore, it is hereby adopted and made a part of this Order. (Doc. 81 at 2–4).

**II.   LEGAL STANDARD**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd.*

*of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III.   DISCUSSION

Plaintiff asserts several objections to the R&R. Specifically, Plaintiff objects to the R&R insofar as it finds the following: as to putative Class A, online fax service recipients lack Article III standing under the TCPA and the TCPA does not regulate faxes received through online fax services; as to putative Class B, Plaintiff failed to establish typicality, adequacy, predominance, and superiority. Plaintiff also objects to the R&R's consideration of a witness declaration.

### A.   Putative Class A

First, Plaintiff objects to the R&R's determination that Plaintiff has failed to establish Article III standing as to online fax service recipients, who are included in putative Class A. The Eleventh Circuit has instructed courts to "consider under Rule 23(b)(3) before certification whether the individualized issue of standing will predominate over the common issues in the case, when it appears that a large portion of the class does not have standing . . . and making that determination for these members of the class will require individualized inquiries." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019). Plaintiff argues that online fax service recipients' concrete harm flows from the statutory violation itself because they have suffered the same injury the TCPA

was designed to prevent—being sent an unsolicited fax advertisement. In *Spokeo*, the Supreme Court made clear that "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). While "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," this is not one of those instances. *Id.* at 342. On review, the Court agrees with the R&R and authority cited therein that the mere receipt of a fax through an online fax service, even if a violation of the TCPA, does not—on its own—cause an injury in fact. *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-cv-41-JLB-MRM, 2021 WL 6105590, at *4 (M.D. Fla. Dec. 23, 2021); *see also Daisy, Inc. v. Mobile Mini, Inc.*, 489 F. Supp. 3d 1287, 1292 (M.D. Fla. 2020); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 929–30 (11th Cir. 2020). To the extent Plaintiff asserts that wasting time constitutes a concrete harm, such determination would require individualized inquiries, rendering standing a predominate issue over the common issues in the class. *Scoma Chiropractic, P.A.*, 2021 WL 6105590, at *4. Thus, even if standing could be established as to some members, putative Class A cannot be certified, and Plaintiff's objection on standing will be overruled. Because the Court finds putative Class A cannot be certified on this basis, it need not address Plaintiff's objection regarding the R&R's additional basis for recommending that the Court deny certification as to putative Class A—that the TCPA does not regulate faxes received through online fax services.[1]

### B.  Putative Class B

As to putative Class B, Plaintiff first objects to the R&R's reliance on the Declaration of Christina Davis, ("**Davis Declaration**," Doc. 55-9), Defendant's corporate

---

[1] However, the Court agrees with the Magistrate Judge's conclusion on this issue.

3

representative, in finding that Plaintiff failed to meet its burden with respect to typicality, adequacy, and predominance. As a preliminary matter, although Plaintiff asserts the R&R's consideration of the Davis Declaration was improper, Plaintiff still fails to provide the Court with any legal authority prohibiting such consideration. Like Magistrate Judge Irick, the Court is unaware of any rule of procedure prohibiting the use of a declaration in response to a motion for class certification created after the close of discovery. Further, upon review of the record and as detailed in the R&R, the Court disagrees with Plaintiff's assertion that the Davis Declaration contradicts her deposition testimony. (*See* Doc. 81 at 30–33). Thus, insofar as Plaintiff objects to the R&R's reliance on the Davis Declaration, Plaintiff's objection will be overruled.

On the issue of predominance, despite Plaintiff's contention that Defendant has failed to offer sufficient evidence of permission, the Court agrees with the R&R that Defendant offers more than just mere speculation. Here, even with Plaintiff's exclusions, it is clear that the issue of prior express permission will predominate over common issues to the class, such that individualized inquiries will be required as to each putative class member. *See Hicks v. Client Servs., Inc.*, No. 07-61822-CIV, 2008 WL 5479111, at *7–8 (S.D. Fla. Dec. 11, 2008). Accordingly, Plaintiff has failed to meet its burden as to predominance, and its objection will be overruled. As a result, certification of putative Class B is improper, and the Court need not address Plaintiff's additional objections as to the remaining Rule 23(a) and 23(b)(3) factors. *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003) ("Failure to establish any one of [the Rule 23(a)] factors and at least one of the alternative requirements of Rule 23(b) precludes class certification."); *see also Licari Fam. Chiropractic Inc. v. eClinical Works, LLC*, No. 8:16-

cv-3461-MSS-JSS, 2019 WL 7423551, at *5 (M.D. Fla. Sept. 16, 2019) (declining to address the remaining class certification requirements upon finding predominance was not satisfied).

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Objection (Doc. 88) is **OVERRULED**. The Report and Recommendation (Doc. 81) is **ADOPTED** and **CONFIRMED** and made a part of this Order as set forth herein and Plaintiff's Motion for Class Certification (Doc. 50) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 24, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record