UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MARC IRWIN SHARFMAN, M.D., P.A., a Florida corporation, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br> v. <br><br> INFUCARE RX LLC, a Pennsylvania limited liability company, <br><br> Defendant. | Civil Action No: 6:21-CV-00525-WWB-DCI |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, MARC IRWIN SHARFMAN, M.D., P.A., hereby moves this Court for an order pursuant to Fed. R. Civ. P. 56(a) granting Plaintiff summary judgment on its individual claim under the Telephone Consumer Protection Act of 1991 ("TCPA" or "Act"), 47 U.S.C § 227(b)(1)(C), and states the following in support:

1. In violation of the TCPA, 47 U.S.C. § 227(b)(1)(C), Defendant Infucare RX LLC ("Defendant" or "Infucare") successfully sent Plaintiff an unsolicited fax on March 11, 2021 (the "Fax"), advertising the availability and quality of its Immunoglobin Therapy and IG Therapy Program services.

### Precise Relief Requested

2. Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Plaintiff seeks an Order from this Court entering summary judgment in Plaintiff's favor as to its TCPA claim and that the Court award Plaintiff $500.00 in statutory damages.

### Basis of the Relief Requested

3. As demonstrated in Plaintiff's Statement of Material Facts ("Pl.'s SOF") and

in the attached Memorandum, there are no genuine issues of material fact and Plaintiff is entitled to summary judgment as a matter of law as to its TCPA claim—the Fax was successfully sent from a telephone facsimile machine, computer or other device to Plaintiff's subscribed-to fax number; the Fax was received on Plaintiff's stand-alone fax machine; the Fax is an advertisement; Infucare is the "sender" of the Fax; and Infucare does not contend that it had prior express permission or invitation to send Plaintiff the Fax. Based on the foregoing, Plaintiff requests that the Court enter judgment in its favor for its TCPA claim and award Plaintiff statutory damages in the amount of $500.

## **PLAINTIFF'S STATEMENT OF MATERIAL FACTS OF LAW**

1. Plaintiff Marc Sharfman M.D., P.A. ("Sharfman") is a medical practice that provides comprehensive treatment of headache and neurological disorders; it is owned and operated by Dr. Marc Irwin Sharfman (Doc. 50-3, Page ID 960, Sharfman Decl. ¶ 2).

2. Defendant Infucare provides in-home acute and chronic specialty infusion services. (Doc. 50-2, Page ID 303, Patel Dep. at 8:17-24).[1]

3. Devan Patel ("Patel") is the CEO of Infucare. (Patel Dep. at 7:15-21).

4. Christina Davis ("Davis") is an Area Sales Director for Infucare. (Doc. 50-2, Page ID 374; Davis Dep. at 5:16-19, 7:2-7).

5. Chirag Shah ("Shah") is the Director of Information Systems for Infucare. (Doc. 50-2, Page ID 459, Shah I Dep. at 7:18-22, 8:17-23).

6. Loretta Ventura ("Ventura") and Jocelyn Kelly ("Kelly") work in the Marketing Department for Infucare. (Patel Dep. at 10:17-11:7).

---

[1] Hereafter, references will be solely to the deposition transcript unless the transcript is being cited to for the first time. The same applies to other exhibits referenced herein.

2

7. The Fax was created by Infucare's marketing team, consisting of Ventura and Kelly. (Patel Dep. at 10:11-11:20; Davis Dep. 10:7-18, 11:17-19).

8. Infucare had become aware that a competitor (Coram) had sent out a fax stating that it was a preferred home infusion provider for Cigna members; Infucare sought to put out a competing fax as it had signed a contract with Cigna to be a preferred provider on February 1, 2021. (Patel Dep. at 11:21-12:6, 13:24-14:15).

9. Ventura and Kelly were provided the Coram fax as a template. (Patel Dep. at 11:14-20, 12:4:6; *id.* Ex. 4; Davis Dep. at 20:21-21:4; *id.* Ex. 3).

10. The Fax, attached hereto as Exhibit 1, states: "Our Specialized Approach to Immunoglobin Therapy," and then follows that statement with specific bullet points:

- Seamless referral process
- Insurance authorization expertise for complex, chronic conditions
- Customized, individualized plans based on patients' medical history
- Highly skilled, clinically based nursing care throughout the entire infusion
- Detailed nursing notes that reflect a patient's response to therapy
- Availability of most brands of immunoglobulin, including intravenous and subcutaneous products
- Pump administration ensures controlled and consistent delivery of therapy and minimizes side-effects.

11. The Fax also states: "Top Reasons to Refer Patients to Infucare RX IG Therapy Program," and follows that up with:

1. Expedited Enrollment Experience
2. Extensive Clinical Expertise
3. Patient-Focused Team Approach

3

   4. Financial Assistance Resources

   5. 24/7 Clinical Patient Support.

   **Therapies Provided**: IG, Soliris, and Ocrevus.

(Exhibit 1) (emphasis in original).

  12. The Fax states in oversized font at the top that "Infucare Rx is Now a Preferred Provider," and that it has been "Selected by Cigna's eviCare healthcare for Specialty and Non-Specialty Infusion Services." (Exhibit 1).

  13. The Fax invites recipients to "Contact us today for assistance," and provides a phone and fax number. (Exhibit 1).

  14. "Financial assistance resources" on the Fax refers to patients' out of pocket expenses for which they may be deemed responsible and references any third-party resources for which they may be eligible. (Patel Dep. at 19:12-17; Davis Dep. at 18:8-13).

  15. The Fax was sent to a target list of physicians that can accept patients under Cigna that was developed through data provider Definitive Health, a third-party aggregator of data specific to the medical industry for which Infucare has a subscription. (Patel Dep. at 22:15-24:12, 31:13-32:2; Davis Dep. at 26:15-21, 28:5-19, 29:16-19, 31:11-15; Doc. 50-3, Page ID 737, Third Am. Ans. Interrogs. at Nos. 15, 16).

  16. Patel approved the content of the Fax, approved of it being sent by Fax, and approved the target list. (Patel Dep. at 26:16-27:4).

  17. Patel requested that Shah send the Fax to the fax numbers provided by Davis. (Patel Dep. at 25:14-17; Shah I Dep. at 12:19-14:17).

  18. Shah used Infucare's retained fax broadcaster Concord to send the Fax on March 10-11, 2021. (Patel Dep. at 25:18-26:4, 33:3-5; 44:17-19; Shah I Dep. at 16:16-

4

19:3, 22:23-23:2; Third Am. Ans. Interrogs. at No. 3).

19. The Fax was successfully sent to Plaintiff's number 407-644-3009 on March 11, 2022. (Exhibit 1; Sharfman Decl., ¶ 7; Doc. 50-2, Page ID 527, Biggerstaff Supplemental Expert Report, Ex. 1 (fax logs, filed under seal); *see also* redacted fax log page showing successful transmission to Plaintiff's number attached hereto as Exhibit 2); Doc. 16, Page ID 53, Ans. to Compl. ¶¶ 3, 13, 16; Exhibit 1).

20. The Fax was received on Plaintiff's stand-alone facsimile machine. (Sharfman Decl., ¶ 7; Doc. 55-4, Page ID 1474, Sharfman Dep. at 14:25-15:23; Exhibit 1; Exhibit 2).

21. Infucare has admitted that it or someone on its behalf sent the Fax to Plaintiff's fax number 407-644-3009. (Infucare's Resp. to Pl.'s Req. to Admit, attached hereto as Exhibit 3, at No. 3; Doc. 16; Ans. to Compl. ¶¶ 3, 13, 16).

22. Infucare has admitted it does not contend that it had prior express invitation or permission to send the Fax to Plaintiff. (Third Am. Ans. Interrogs. at No. 11).

23. Plaintiff has stated under oath the Fax was "unsolicited." (Sharfman Decl. ¶ 7).

## **Standards for Summary Judgment**

Summary judgment is appropriate where "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Alvey v. Gualtieri*, 2016 WL 6582897, at *4 (M.D. Fla. Nov. 7, 2016). If this showing is made, "the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Lockwood v. Oliver*, 2022 WL 1522115, at *3 (M.D. Fla.

May 13, 2022). A factual dispute alone is not enough to defeat summary judgment; only a genuine issue of material fact will preclude summary judgment. *Alvey*, 2016 WL 6582897, at *4 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48(1986)). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). The court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in that party's favor. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

## Argument

### I.     Plaintiff is entitled to summary judgement as to the Fax.

The TCPA forbids the use of any "telephone facsimile machine, computer or other device to send" an "unsolicited advertisement" to a "telephone facsimile machine." 47 U.S.C § 227(b)(1)(C). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability *or* quality of any property, goods, or services." 47 U.S.C. § 227(a)(5) (emphasis added). The Federal Communication Commission (FCC) regulations implementing the TCPA define "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(11). "[A] prevailing plaintiff need not have suffered any monetary loss in order to recover statutory damages" under the TCPA. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015).

### A.     The Fax was sent from a telephone facsimile machine, computer, or other device to Plaintiff's stand-alone telephone facsimile machine.

Infucare sent the Fax through retained third-party fax broadcaster Concord to

6

Plaintiff, and thus sent the Fax through a telephone facsimile machine, computer, or other device (as demonstrated by the fax logs), and the Fax was received on Plaintiff's stand-alone facsimile machine at number 407-644-3009 on March 11, 2022. (Pl.'s SOF ¶¶ 15-21). Accordingly, Plaintiff is entitled to summary judgment as to the issue of whether the Fax was sent from a telephone facsimile machine, computer, or other device to Plaintiff's stand-alone telephone facsimile machine.

### B. The Fax was unsolicited.

Prior express invitation or permission is an affirmative defense that a TCPA fax defendant has the burden of proving. *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 964-65 (7th Cir. 2020) (citing *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018)). Infucare has admitted it does not contend it had prior express invitation or permission to send the Fax to Plaintiff, and Plaintiff has stated under oath the Fax was "unsolicited." (Pl.'s SOF ¶¶ 22-23). Accordingly, Plaintiff is entitled to summary judgment as to the issue of the affirmative defense of prior express invitation or permission.

### C. Infucare is the sender of the Fax.

As stated, the TCPA regulations define "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(11). The Fax advertises and promotes Inficare's therapy services. (Pl.'s SOF ¶¶ 10-13). The Fax was created by Infucare's marketing team. (Pl.'s SOF ¶¶ 6-7). Patel approved the content of the Fax, approved of it being sent by Fax, and approved of the target list. (*Id.* ¶ 16). Patel requested that Shah send the Fax to the fax numbers provided by Davis. (*Id.* ¶¶ 15, 17). Shah used Infucare's retained fax broadcaster Concord to send the Fax on March

7

10-11, 2021. (*Id.* ¶ 18). The Fax was successfully sent to Plaintiff's number 407-644-3009 on March 11, 2022. (*Id.* ¶ 19). The Fax was received on Plaintiff's stand-alone facsimile machine. (*Id.* ¶ 20). Infucare has admitted that it or someone on its behalf sent the Fax to Plaintiff's fax number 407-644-3009. (*Id.* ¶ 21). Accordingly, Plaintiff is entitled to summary judgment in its favor as to the issue of whether Infucare was the sender of the Fax.

### D.     The Fax is an advertisement under the TCPA.

Based on the text of the Fax, the circumstances surrounding its creation, and controlling Eleventh Circuit case authority, the Fax is an advertisement under the TCPA. In *Florence Endocrine Clinic, PLLC v. Arriva Med., LLC,* 858 F.3d 1362, 1366 (11th Cir. 2017), the Eleventh Circuit stated that to determine whether the faxes at issue in that case were advertisements under the TCPA, "we must determine whether the faxes constituted '***any*** material advertising the commercial availability or quality of any property[.]'" (emphasis added). The Court stated:

> Advertising" is "[t]he action of drawing the public's attention to something to promote its sale." *Advertising*, *Black's Law Dictionary* 59 (8th ed. 2004); *see also Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc., 788* F.3d 218, 222 (6th Cir. 2015) ("So to be an ad, the fax must promote goods or services to be bought or sold, and it should have profit as an aim."); *Advertise*, *Webster's New International Dictionary* 39 (2d ed. 1961) (defining advertising as "to call public attention to, esp. by emphasizing desirable qualities, in order to arouse a desire to purchase, invest, patronize, or the like"); *Advertise*, *Oxford English Dictionary* (online ed. 2017) (defining advertise as "to describe or present (a product, service, or the like) in order to promote sales"). To fall within the Act, the fax must draw attention to the "commercial availability or quality" of [defendant's] products to promote their sale.

*Arriva Med.*, 858 F.3d at 1366-67.

The text of the Fax dispositively establishes that it advertises the commercial availability ***and*** quality of Infucare's therapy services and as such is an advertisement

8

under the TCPA. The Fax announces in oversized font at the top that "Infucare Rx is Now a Preferred Provider," and that it has been "Selected by Cigna's eviCare healthcare for Specialty and Non-Specialty Infusion Services." (Pl.'s SOF ¶ 12). The Fax touts the availability and quality of Infucare's "Specialized Approach to Immunoglobin Therapy," informed by bullet points mentioning Infucare's "seamless referral process," its "insurance authorization expertise for complex, chronic conditions," its "customized, individualized plans based on patients' medical history," its "highly skilled, clinically based nursing care throughout the entire infusion," its "detailed nursing notes that reflect a patient's response to therapy," the "availability of most brands of immunoglobulin, including intravenous and subcutaneous products," and that its "pump administration ensures controlled and consistent delivery of therapy and minimizes side-effects." (Pl.'s SOF ¶ 10).

The Fax also advertises the availability and quality of Infucare's IG Therapy services by announcing its "Top Reasons to Refer Patients to Infucare RX IG Therapy Program," which include "expedited enrollment experience," "extensive clinical expertise," "patient-focused team approach," "financial assistance resources," "24/7 clinical patient support," and then states: "**Therapies Provided**: IG, Soliris, and Ocrevus."   (Pl.'s SOF ¶ 11).

In sum, the Fax clearly constitutes "any material" advertising the commercial availability and quality of Infucare's Immunoglobin and IG therapy services, and as such is an advertisement under the TCPA. *Arriva Med.*, 858 F.3d at 1366-67. The purpose of the Fax is to draw attention to the Infucare's therapy services, and said services are available to be "bought." Indeed, the Fax advertises Infucare's "Financial assistance resources," which refers to patients' out of pocket expenses for which they may be

9

deemed responsible and references any third-party resources for which they may be eligible. (Pl.'s SOF ¶ 14). The Fax invites recipients to "Contact us today for assistance," and provides a phone and fax number, further evidence the Fax is an advertisement. (*Id.* ¶ 13).

Finally, the undisputed facts regarding the creation of the Fax underscores that the Fax is an advertisement under the TCPA. The Fax was created by Infucare's marketing team after Infucare had become aware that a competitor (Coram) had sent out a fax stating that it (Coram) was a preferred home infusion provider for Cigna members. Infucare sought to put out a competing fax as it had signed a contract with Cigna to be a preferred provider on February 1, 2021. (Pl.'s SOF ¶¶ 6-8). In fact, Infucare's marketing team (Ventura and Kelly) were provided the Coram fax as a template, and the Fax was sent to a list of physicians developed through Definitive Health that accepted Cigna insurance and was thereafter "fax-blasted" to thousands of recipients. (Pl.'s SOF ¶¶ 9, 15). The Fax is an advertisement for these reasons as well.

## Conclusion

Plaintiff has demonstrated that there are no genuine issues of material fact and therefore Plaintiff is entitled to judgment as a matter of law as to its TCPA claim regarding the March 11, 2021, Fax. Accordingly, Plaintiff requests that the Court judgment in favor of Plaintiff as to liability on its TCPA claim and that the Court award Plaintiff statutory damages in the amount of $500.00.

    Respectfully submitted,

    s/Ryan M. Kelly
    Ryan M. Kelly – FL Bar No.: 90110

        Ryan M. Kelly – FL Bar No.: 90110
        ANDERSON + WANCA
        3701 Algonquin Rd., Suite 500
        Rolling Meadows, IL 60008
        Tele:  847-368-1500
        rkelly@andersonwanca.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        s/ Ryan M. Kelly

11