**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARC IRWIN SHARFMAN, M.D., P.A.,

        Plaintiff,

v.                                                                  Case No.: 6:21-cv-525-WWB-DCI

INFUCARE RX LLC,

        Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 114), Defendant's Response in Opposition (Doc. 116), and Plaintiff's Reply (Doc. 117). For the reasons set forth below, Plaintiff's Motion will be granted.

## I.     BACKGROUND

Plaintiff, Marc Irwin Sharfman, M.D., P.A., is a medical practice that provides comprehensive treatment of headache and neurological disorders. (Doc. 50-3 at 412). On March 11, 2021, Plaintiff received a fax (the "**Fax**") to its stand-alone fax machine. (*Id.* at 413). The Fax was sent, through a third-party, by Defendant, InfuCare Rx LLC, an acute and chronic specialty infusion services provider. (Doc. 50-2 at 14, 32). The Fax discussed Defendant's status as a Cigna eviCore healthcare preferred provider for specialty and non-specialty infusion services and was sent to a curated list of medical practices believed to accept patients under Cigna. (*Id.* at 106; Doc. 114-2 at 2). As a result, Plaintiff brought a claim against Defendant for violation of the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. § 227.

## II.    LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

## III.    DISCUSSION

The TCPA prohibits the use of a fax machine to send an unsolicited advertisement, subject to certain exceptions.  47 U.S.C. § 227(b)(1)(C) ("**Fax Provision**").  To establish a claim for violation of the Fax Provision of the TCPA, a plaintiff must demonstrate: "(1) the defendant sent the fax to a telephone facsimile machine using a telephone facsimile machine, computer, or other device; (2) the fax was an advertisement; and (3) the fax was unsolicited."  *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 305 F. Supp. 3d 1342, 1346 (M.D. Fla. 2018) (footnote omitted).  In this case, the parties only dispute whether the fax was an advertisement, which is a question of law for the Court to decide.  *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 221 (6th Cir. 2015); *see also Florence Endocrine Clinic, PLLC v. Arriva Med., LLC*, 858 F.3d 1362, 1367 (11th Cir. 2017) (affirming 12(b)(6) dismissal where court determined that the faxes at issue were not unsolicited advertisements under the TCPA).

The TCPA defines "unsolicited advertisement" as "*any* material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5) (emphasis added).  Because the parties do not dispute that the Fax was unsolicited—sent without Plaintiff's "prior express invitation or permission"—the Court's analysis is limited to whether the Fax is an "advertisement," which the statute does not expressly define.  *See Florence Endocrine Clinic*, 858 F.3d at 1366; 47 U.S.C. § 227(a)(5).  In the TCPA context, the Eleventh Circuit has held that "'[a]dvertising' is '[t]he action of drawing the public's attention to something to promote its sale.'"  *Florence Endocrine Clinic*, 858 F.3d at 1366 (quoting *Advertising*, Black's Law

Dictionary (8th ed. 2004)).  Thus, to constitute an advertisement under the TCPA, a "fax must draw attention to the commercial availability or quality of [Defendant's services] to promote their sale."  *Id*. at 1366–67 (quotation omitted).

Here, the Fax states in oversized font at the top that "InfuCare Rx *is Now a Preferred Provider*" and that it has been "Selected by Cigna's eviCore healthcare for Specialty and Non-Specialty Infusion Services[.]"  (Doc. 114-2 at 2).  On the left, the fax describes "Our Specialized Approach to **Immunoglobulin Therapy**" with the following: "Seamless referral process"; "Insurance authorization expertise for complex, chronic conditions"; Customized, individualized treatment plans based on patient's past medical history"; Highly skilled, clinically based nursing care throughout entire infusion"; Detailed nursing notes that reflect a patient's response to therapy"; "Availability of most brands of immunoglobulin, including intravenous and subcutaneous products"; and "Pump administration ensures controlled and consistent delivery of therapy and minimizes side-effects[.]"  (*Id*.).  On the right, the fax lists the "Top Reasons to Refer Patients to InfuCare Rx **IG Therapy Program**" as: "1. Expedited Enrollment Experience"; "2. Extensive Clinical Expertise"; "3. Patient-Focused Team Approach"; "4. Financial Assistance Resources"; and "5. 24/7 Clinical Patient Support[.]"  (*Id*.).  Under this section, the fax lists IG, Soliris, and Ocrevus as the provided therapies; invites recipients to "Contact us today for assistance," along with a telephone and fax number; and includes logos for Cigna, eviCore healthcare, and InfuCare Rx.  (*Id*.).

Defendant argues that the Fax is an informational message, rather than an advertisement.  In support, Defendant relies on a ruling issued by the Federal Communications Commission ("**FCC**"), which is delegated rulemaking authority by the

TCPA. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1256 (11th Cir. 2015). The FCC Order provides, in relevant part that "facsimile communications that contain only information, such as industry news articles, legislative updates, or employee benefit information, would not be prohibited by the TCPA rules." *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3814 (2006). "A fax is informational if its 'primary purpose' is to communicate information, rather than to promote a product."[1] *New Concept Dental v. Dental Res. Sys., Inc.*, No. 17-CV-61411, 2020 WL 3303077, at *3 (S.D. Fla. Mar. 17, 2020); *see also Sandusky*, 788 F.3d at 223. Defendant asserts its primary purpose in sending the Fax "was to provide information to medical practices that they find helpful, not to make a sale." (Doc. 116 at 2). Defendant further argues that there are competing reasonable inferences about the Fax's primary purpose, precluding summary judgment.

The Court rejects Defendant's argument that the Fax is merely an informational communication that does not violate the TCPA. The Fax goes well beyond providing a

---

[1] Plaintiff asserts that Defendant's argument must fail because it did not address the following factors to demonstrate that the Fax is informational: "whether the communication is issued on a regular schedule; whether the text of the communication changes from issue to issue; and whether the communication is directed to specific regular recipients, *i.e.*, to paid subscribers or to recipients who have initiated membership in the organization that sends the communication." (Doc. 117 at 3 (quoting 21 F.C.C. Rcd. at 3814 n.187)). However, these factors are considered "when determining whether an informational communication that contains advertising material is an unsolicited advertisement," rather than when determining whether a fax itself is an informational communication. *PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051, 2054 (2019) (quotation omitted); *see also Phillip Long Dang, D.C., P.C. v. XLHealth Corp.*, No. 1:09-CV-1076, 2011 WL 553826, at *4 n.2 (N.D. Ga. Feb. 7, 2011). Thus, these factors do not apply.

general announcement as to Defendant's status as a Cigna preferred provider and seeks to commercially promote its service to medical practices that can refer patients to use Defendant's service. For example, the language used, such as "Specialized Approach," "Seamless referral process," "Customized, individualized treatment plans," "Highly skilled, clinically based nursing care," "Detailed nursing notes," and "controlled and consistent delivery," draws attention to the quality of Defendant's services. (Doc. 114-2 at 2). The Fax also announces the commercial availability of Defendant's service by indicating its status as a Cigna preferred provider, inviting recipients to "Contact us today for assistance," and offering financial assistance resources. (*Id.*).

Moreover, it is irrefutable that profit was an aim, as the Fax was sent only to medical practices believed to accept patients under Cigna and includes a list of the "Top Reasons to Refer Patients" to Defendant's services. (*Id.*); *see also Blake Tishman, P.A. v. Baptist Health S. Fla. Inc.*, No. 17-62230-CIV, 2019 WL 3890774, at *3 (S.D. Fla. Feb. 11, 2019) (holding that a fax from a sleep study service provider that was intended to encourage the recipient physician to send or encourage patients to use the defendants' services qualifies as advertising); *Mich. Urgent Care & Primary Care Physicians, P.C. v. Med. Sec. Card Co.*, No. 2:20-CV-10353, 2020 WL 7042945, at *3 (E.D. Mich. Nov. 30, 2020) (holding that a fax from a medical savings plan provider to medical practice was "sent in furtherance of Defendant's business activities in a way that is more than merely 'informational' [because] it matters to Defendant's profits whether doctors take action based on what they read in the fax"); *cf. Sandusky*, 788 F.3d at 222 (holding that faxes sent by pharmacy benefit manager to healthcare provider, which listed medications available in certain health plans, to be informational, rather than an advertisement where

the drugs and services discussed were not sold by the sender and, therefore, the faxes were "not sent with hopes to make a profit, directly or indirectly, from [the recipients]").

To the extent Defendant argues that it was not promoting the sale of its services because the Fax was sent to medical practices and not patients or their insurance companies (those responsible for payment of Defendant's services), the fact that the Fax was not sent the ultimate consumer is not dispositive. *Scoma Chiropractic, P.A. v. Nat'l Spine & Pain Ctrs. LLC*, No. 2:20-cv-430, 2021 WL 949613, at *4 (M.D. Fla. Mar. 12, 2021) (citing *Elan Pharm. Rsch. Corp. v. Emps. Ins. of Wausau*, 144 F.3d 1372, 1379 & n.11 (11th Cir. 1998), for the general proposition that "communications that induce doctors to prescribe certain drugs would constitute 'advertising' in a non-TCPA case"); *see also Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 283 (S.D.N.Y. 2013) (holding that "the fact that the recipient of the fax is not the one paying for the product does not make the proposed transaction non-commercial"). Likewise, the Court is not persuaded by Defendant's own representations that the Fax was not intended to be an advertisement. *See Robert W. Mauthe MD PC v. Millennium Health LLC*, 58 F.4th 93, 96 (3d Cir. 2023) ("The statutory definition of the term 'unsolicited advertisement' does not depend on the subjective viewpoints of either the fax sender or recipient, and thus an objective standard governs whether a fax constitutes an unsolicited advertisement."). In sum, the Court finds that the Fax is an advertisement under the TCPA, and Plaintiff is entitled to summary judgment.

## IV.    CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Summary Judgment (Doc. 114) is **GRANTED**. The Clerk is directed to enter

judgment, in favor of Plaintiff and against Defendant, awarding Plaintiff $500.00. Thereafter, the Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on July 12, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record